Phillip B. Wolfe Bond Counsel for Wabunsee County Nichols and Wolfe, Chartered 534 S. Kansas Ave., Suite 1120 Topeka, Kansas 66603-3409
Dear Mr. Wolfe:
As counsel for Wabunsee County, you request our opinion on whether K.S.A. 2005 Supp. 12-187(b)(2)[2] is subject to the County's power of home rule sufficient to provide the County with authority to adopt certain substitute and additional provisions.
You note that K.S.A. 12-187 through 12-195 (the Act) authorizes the boards of county commissioners of some, but not all, counties to submit the question of imposing a countywide retailers' sales tax and pledging the revenue derived therefrom for certain expenses. You conclude that the Act is therefore not uniformly applicable to all counties and consequently is subject to county home rule authority as provided in K.S.A. 2005 Supp.19-101a.[3] Wabunsee County wishes to adopt a home rule charter resolution to provide that K.S.A. 2005 Supp.12-187(b)(2), as amended, will not apply to the County in certain respects. Citing to K.S.A. 2005 Supp. 19-101a(a)(8),[4] as amended, you argue that this provision does not apply to your situation because the County acknowledges and intends to abide by the levy limitations prescribed by K.S.A. 12-187 to 12-195 and only home rule out of other provisions therein.
K.S.A. 2005 Supp. 19-101a, as amended, lists many exceptions to county home rule authority. The first one is the "uniformly applicable to all counties" exception.[5] K.S.A. 2005 Supp.12-187, as amended, obviously does not apply to all counties uniformly; subsection (b) contains fourteen distinct provisions for various counties of various sizes. However, K.S.A. 200519-101a, as amended, establishes several other exceptions to the use of county home rule power that do not rely on whether the pertinent statutes are uniform. Among these exceptions is subsection (a)(8), which precludes home rule authority to alter the limitations and prohibitions imposed under K.S.A. 12-187 to12-195.[6]
There are several Attorney General Opinions interpreting the language now contained in K.S.A. 2005 Supp. 19-101a(a)(8), as amended.[7]
All of these opinions conclude that county home rule authority is not available as a means of opting out of portions of K.S.A.12-187 through 12-195. In Attorney General Opinion No. 97-32, the issue was whether a county could adopt a charter resolution changing the dates notices are mailed to collect delinquent personal property tax. Citing to K.S.A. 19-101a, Attorney General Stovall concluded that "some of the limitations on county home rule are specific to the statute that counties are precluded from affecting."
Your approach appears to focus upon the fact that the county does not intend to charter out of the levy limits of the tax statutes, but rather will merely alter those provisions that do not impact the levy limits. You state: "In other words, counties are subject to levy limitations prescribed by K.S.A. 12-187 to12-195 inclusive . . . [h]owever, there are no other limitations in either K.S.A. 12-187 to 12-195, inclusive, or K.S.A. 19-101a, all as amended, which would restrict the County from `chartering' out of the Act and providing substitute and additional provisions. . . ."
The language in question states "[c]ounties shall be subject to the limitations and prohibitions imposed under K.S.A. 12-187 to12-195, inclusive, and amendments thereto, prescribinglimitations upon the levy of retailers' sales taxes bycounties."[8] In Attorney General Opinion No. 2006-15, we rejected a county's proposal to use home rule authority to charter out of portions of K.S.A. 12-187 in order to use the sales tax money on expenditures not otherwise permitted by that statute. In Attorney General Opinion No. 82-29, we opined that county home rule authority could not be used to change the apportionment formula set forth in the sales tax statutes. Thus, we have previously opined that home rule authority cannot be used to alter portions of these sales tax levy statutes other than the levy limitations.
We do not find support for the position that K.S.A. 2005 Supp.19-101a(a)(8), as amended, only applies to the tax levy limits in the statutes cited therein, nor have we located any home rule case law supporting that reading. Thus, we cannot read the provisions of K.S.A. 2005 Supp. 19-101a(a)(8), as amended, to allow any portion of the cited statutes as being subject to county home rule authority. Rather, the plain language of this statute states that home rule authority shall not be available to alter the provisions of the sales tax act.
It is therefore our opinion that K.S.A. 2005 Supp.19-101a(a)(8), as amended, precludes use of county home rule authority to alter any provisions set forth in K.S.A. 12-187 to12-195 and not just the portions of the statutes that concern levy limitations.
Sincerely,
 Phill Kline Attorney General
 Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[2] Amended by L. 2006, Ch. 191, * * * sect, * * * 2 and L. 2006, Ch. 204, * * * sect, * * * 3, in conflict with 2006 SB 55 and 435.
[3] Amended by L. 2006, Ch. 207, * * * sect, * * * 4 and L. 2006, Ch. 192, * * * sect, * * * 4.
[4] Your letter cites to subsection (7), however the 2006 amendment changed the numbering on these provisions.
[5] K.S.A. 2005 Supp. 19-101a(a)(1), as amended. See Heim,Home Rule Primer, 74 Journal of Kansas Bar Association 27, 31 (2005) ("K.S.A. 19-101a, has, in addition to the uniform law exception, numerous other exceptions [to county home rule").
[6] This exception to use of county home rule authority is original to the statute (see L. 1974, Ch. 110) and "was placed in the act to alleviate concerns that counties might raise the rate of local sales taxes above limits established by state law or impose the tax without election, as required by state law." Michael R. Heim, Home Rule Power for Cities and Counties, 66 Journal of the Kansas Bar Association 26, 42 (1997).
[7] Attorney General Opinions No. 82-29 (the formula for apportioning revenue from a countywide retailers' sales tax, as prescribed by K.S.A. 1981 Supp. 12-192, may not be altered through the exercise of home rule powers by a city or county); 83-57 (a county has no authority to adopt a resolution which modifies the statutory formula, prescribed in K.S.A. 12-192, for apportioning revenue received from a countywide retailers' sales tax). See also Attorney General Opinion No. 2000-16.
[8] Emphasis added. It is the emphasized language that you focus upon in your position that home rule authority is only limited as to levy limits.